UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| In re: M. STEPHEN MINIX, SR., )<br>)<br>Debtor. )<br>_____ )<br>)<br>)<br>M. STEPHEN MINIX, SR., )<br>)<br>Appellant, )<br>)<br>V. )<br>)<br>CHARITY STONE, )<br>)<br>Appellee. ) | Civil Action No. 5: 19-093-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Appellant M. Stephen Minix, Sr., filed a *pro se* appeal of a United States Bankruptcy Court judgment, excepting a state court judgment against him from discharge under 11 U.S.C. § 523(a)(6). [Record No. 1] Minix later filed a motion to hold the bankruptcy appeal and non-dischargeability judgment in abeyance pending the appeal of the state court judgment. [Record No. 4] Because Minix failed to comply with Rule 8007 of the Federal Rules of Bankruptcy Procedure, the Court will not hold the non-dischargeability judgment in abeyance. Further, holding the bankruptcy appeal in abeyance is not appropriate because the state court judgment remains in full force and effect for purposes of bankruptcy appealability.

I.

Appellee Charity Stone obtained a judgment against Minix in the Floyd Circuit Court (the "state court") for battery. She was awarded $40,000.00 in damages. Minix appealed the judgment and alleges that he did not receive proper service (the "state court appeal"). While

-1-

the state court appeal was pending, Minix filed a bankruptcy petition for Chapter 7 bankruptcy relief. Bankr. E.D. Ky. No. 17-51915-tnw, ECF No. 1. Stone subsequently filed an adversary proceeding, requesting that the state court judgment be excepted from discharge in accordance with 11 U.S.C. § 523. Bankr. E.D. Ky. No. 18-05003-tnw, ECF No. 1.

The parties conducted discovery in the adversary proceeding initiated by Stone. At the close of discovery, Minix filed a motion to dismiss and Stone moved for summary judgment. The bankruptcy court applied the doctrine of collateral estoppel in the adversary proceeding and determined that Stone was entitled to summary judgment on her claim under 11 U.S.C. § 523(a)(6). Minix then moved to alter or amend the judgment, claiming that: (i) the bankruptcy court lacked jurisdiction to enter the judgment; (ii) there was an issue of fact regarding notice of the state court's judgment; and (iii) he did not receive notice of various orders and motions in the state court proceeding. Bankr. E.D. Ky. No. 18-05003-tnw, ECF No. 97. The bankruptcy court denied Minix's motion and he subsequently filed the present appeal, challenging the bankruptcy court's denial of his motion to reconsider in the adversary proceeding. Minix now moves to hold the bankruptcy appeal in abeyance pending the outcome of the state court appeal.

## II.

Pleadings filed by *pro se* litigants must be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants are not exempt from complying with the relevant rules of procedural and substantive law. *See Jordan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (citations omitted).

Minix first requests that this Court hold the bankruptcy appeal in abeyance "to save judicial resources because there is potential that this appeal may be rendered moot by the ruling by the Kentucky appellate courts." [Record No. 4, p. 6] Next, he contends that the Court should hold enforcement of the bankruptcy judgment in abeyance pending the outcome of the state court appeal. Finally, Minix asserts that the Court should suspend the parties' briefing schedule because their arguments on appeal regarding dischargeability and collateral estoppel are dependent on the validity of the debt. The Court will address Minix's last argument first.

### A. Suspending the Briefing Period

The application of collateral estoppel in a non-dischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment. *See In Re Sarff*, 242 B.R. 620, 624 (B.A.P. 6th Cir. 2000). In Kentucky, a judgment that is unreserved and unmodified remains "in full force and effect, constituting a bar to the institution of [a] second suit between the same parties upon the same issues," despite its pendency in the court of appeals. *Small v. Reeves*, 76 S.W. 395, 397 (Ky. 1903). Accordingly, while Minix is appealing the state court default judgment against him, the judgment of the state court is valid and in effect for purposes of determining the issues of collateral estoppel and non-dischargeability on appeal in this Court. Because Kentucky law views the judgment in the state court as in full force and effect, this Court must apply that view and determine that the parties' arguments regarding dischargeability and collateral estoppel are not dependent on the outcome of the state court appeal. Therefore, the Court will not suspend the briefing period for the pending bankruptcy appeal.

### B. Holding the Bankruptcy Judgment in Abeyance

Rule 8007 of the Federal Rules of Bankruptcy Procedure governs motions to stay pending appeal. This rule states "[o]rdinarily, a party must move first in the bankruptcy court for … a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007.[1] A party may file a motion to stay in the district court on direct appeal, but the "motion must (A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." *Id*.

Minix filed his motion to hold the bankruptcy judgment in abeyance directly in the district court. [Record No. 4] He contends in his reply that he filed a motion to abate the "bankruptcy process" in May 2018 which the bankruptcy court denied in June 2018. As an initial matter, the judgment of the adversary proceeding was not entered until January 18, 2019. Accordingly, Minix's previous motion to abate the "bankruptcy process" does not comply with Rule 8007(a) or Rule 8007 (b)(2)(B) because it was not a motion to stay the judgment of the adversary proceeding which is the relief he presently requests. To the extent that Minix is asking the Court to consider his motion under Rule 8007(b)(2)(A), he does not comply because he failed to show that moving first in the bankruptcy court would be impracticable. Therefore, his motion failed to comply with Rule 8007 of the Federal Rules of Bankruptcy Procedure.

---

[1] Minix's motion asks the Court to hold the bankruptcy judgment in abeyance. While Rule 8007 refers to staying a judgment, order, or decree, a stay would have the effect of holding the judgment in abeyance. Therefore, Rule 8007 applies to Minix's motion.

Finally, the Court cannot suspend the requirements of Rule 8007. Fed. R. Bankr. P. 8028. Because Minix failed to comply with Rule 8007, his motion to hold the bankruptcy judgment in abeyance will be denied. *See In re Royal Manor Mgmt. Inc.*, 525 B.R. 338, 387 (B.A.P. 6th Cir. 2015); *see also In re Hake*, No. 17-8035, 2017 Bankr. LEXIS 4382 (B.A.P. 6th Cir. 2017).

### C. Staying the Bankruptcy Appeal

Minix asks the Court to hold the bankruptcy appeal in abeyance pending appellate proceedings in the state courts. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Further, a stay is not a matter of right and is dependent on the circumstances of a particular case. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Stone contends that there are four factors that the Court should consider when determining whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). However, the *Hilton* four-part test addresses staying an order or judgment pending an appeal of that order or judgment. *Hilton*, 481 U.S. 770; *Nken*, 556 U.S. at 432 (stating "[t]he whole idea is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits"). Here, the matter under review is the bankruptcy judgment in the adversary proceeding, but Minix is asking this Court to stay

the bankruptcy appeal pending the outcome of the state court appeal. Accordingly, the test presented in *Hilton* is not proper in the present case.

A stay pending the resolution of a similar proceeding is appropriate if the moving party shows there is a pressing need for delay and neither the public nor the non-moving party will suffer harm from the stay. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Minix argues that the state court appeal is similar to the present proceeding because a determination that the default judgment was inappropriate would moot the bankruptcy appeal. Therefore, he contends that there is a need to delay the bankruptcy appeal until the outcome of the state court appeal is known.

But Minix has failed to demonstrate a pressing need for delay because, as previously explained, the state court judgment is valid and in full force and effect for purposes of this bankruptcy appeal. Therefore, the Court does not need to await the state court appeal to address the matter presently at issue. Additionally, "lengthy stays pending resolution of another case are unduly burdensome if the likely duration is entirely uncertain." *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 2005 WL 2122641, *3 (E.D. Ky. Aug. 29, 2005). Minix contends that the Kentucky appeal is ready to be assigned to a merits panel, but he fails to give any indication or estimation regarding how long the appeal might take to complete. *See Id.* (citing *United States v. Banco Cafetero Int'l*, 107 F.R.D. 361, 366 (S.D.N.Y. Sept. 13, 1985) (holding that the duration of a requested stay was too indefinite given how long the case had been going on and no information was submitted showing its present status or how long it would take to complete)). Accordingly, the Court concludes that there is no pressing need for delay of the bankruptcy appeal and a stay would be unduly burdensome.

Finally, Minix failed to show that neither the public nor Stone would suffer harm from the stay. [Record Nos. 4, 9] Conversely, Stone contends that she would suffer harm from the delay because Minix allegedly faces criminal charges that may result in a reduction of assets that could otherwise be applied to reduce the state court judgment. If the appeal is stayed and Minix's assets are reduced, Stone asserts that it would be substantially more difficult or impossible for her to recover the judgment amount currently owed. Because Minix fails to show that neither the public nor Stone would suffer harm from the stay, and Stone has demonstrated the possibility that she will be harmed, a stay is not appropriate.

### III.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. Appellant Stephen Minix's motion to hold the bankruptcy appeal and non-dischargeability judgment in abeyance, and to suspend the briefing schedule [Record No. 4], is **DENIED**.

2. The briefing period set forth in the notice entered on April 1, 2019, [Record No. 7] remains in effect.

Dated: April 17, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge