UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| In re: M. STEPHEN MINIX, SR., )<br>)<br>Debtor. )<br>_____ )<br>)<br>M. STEPHEN MINIX, SR., )<br>)<br>Appellant, )<br>)<br>V. )<br>)<br>CHARITY STONE, )<br>)<br>Appellee. ) | Civil Action No. 5: 19-093-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Appellant M. Stephen Minix, Sr., has filed a *pro se* appeal of a United States Bankruptcy Court judgment, excepting a state court judgment against him from discharge under 11 U.S.C. § 523(a)(6). [Record No. 1] The parties have fully briefed the matter, and having considered their respective positions, the undersigned concludes that the bankruptcy court's denial of discharge and denial of reconsideration should be affirmed.

**I.**

Appellee Charity Stone was awarded $40,000 in damages after obtaining a default judgment against Minix in the Floyd Circuit Court (the "state court"). The judgment was based on a claim of battery. Minix asserts that he did not receive proper service and appealed the judgment (the "state court appeal"). Minix then filed a petition for Chapter 7 bankruptcy relief while the state court appeal was pending. Bankr. E.D. Ky. No. 17-51915-tnw, ECF No. 1. Stone responded with an adversary proceeding, asking that the state court judgment be

excepted from discharge under 11 U.S.C. § 523.  Bankr. E.D. Ky. No. 18-05003-tnw, ECF No. 1.

Following a period of discovery in the adversary proceeding, Minix moved to dismiss the action while Stone moved for summary judgment.  Applying the doctrine of collateral estoppel, the bankruptcy court determined that Stone was entitled to summary judgment on her claim under 11 U.S.C. § 523(a)(6).  Minix then filed a motion to alter, amend, or reconsider the judgment.  He claimed that: (i) the bankruptcy court lacked jurisdiction to enter the judgment; (ii) there was an issue of fact regarding notice of the state court's judgment; and (iii) he did not receive notice of various orders and motions in the state court proceeding.  Bankr. E.D. Ky. No. 18-05003-tnw, ECF No. 97.  The bankruptcy court denied the motion to alter, amend, or reconsider and Minix filed the present appeal.  He now challenges the bankruptcy court's denial of discharge and its denial of his motion to reconsider.

## II.

A district court reviewing a bankruptcy court's decision functions as an appellate court, applying the standards of review normally applied by federal appellate courts.  *In re H.J. Scheirich Co.*, 982 F.2d 945, 949 (6th Cir. 1993).  Findings of fact are reviewed under a clearly erroneous standard.  *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004).  A bankruptcy court's findings of fact will not be disturbed absent the "most cogent evidence of mistake or miscarriage of justice".  *In re Edward M. Johnson and Assoc., Inc.*, 845 F.2d 1395, 1401 (6th Cir. 1988) (internal quotations omitted).

Additionally, a reviewing court will not overturn the bankruptcy court's decision denying discharge unless it is clearly erroneous.  *Westerfield v. World Inv. Corp.*, No. 6:06-cv-020-DCR, 2006 WL 1206386, at *2 (E.D. Ky. May 2, 2006) (citing *In re D'Agnese*, 86

F.3d 732, 734 (7th Cir. 1996)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Conclusions of law made by the bankruptcy court are reviewed *de novo*. *In re Gardner*, 360 F.3d at 557. Issue preclusion[1] is a question of law. Therefore, a bankruptcy court's decision regarding issue preclusion is reviewed *de novo*. *Stemler v. City of Florence*, 350 F.3d 578, 585 (6th Cir. 2003). This Court will also apply a *de novo* standard of review to the bankruptcy court's decision regarding a motion for reconsideration of a grant of summary judgment. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir. 1999). A *de novo* review requires a court to review the legal conclusions reached without regard to the bankruptcy court's prior findings of law. *In re Eubanks*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998).

### III.

This appeal challenges the bankruptcy court's denial of Minix's motion to alter, amend, or reconsider in the adversary proceeding. [Record No. 2] However, documents filed by *pro se* litigants are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a result, the appeal will be viewed as a challenge to the bankruptcy court's order granting Stone's motion summary judgment and its denial of Minix's motion to alter, amend, or reconsider. However, Minix has not explained why he believes the bankruptcy court erred in denying his motion to reconsider. Therefore, the Court will briefly address the issue. *See McPherson v.*

---

[1] The Court will use the terms collateral estoppel and issue preclusion interchangeably.

*Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones"). Instead, the undersigned will focus on Minix's claim that the bankruptcy court erred by concluding, in the first instance, that Stone's state court judgment against him was non-dischargeable.

    i.    **Validity of Default Judgment**

Minix argues that the state court default judgment is void and should not be relied upon for collateral estoppel because he did not receive notice of state court filings. But this argument ignores the previous order clearly explaining why the state court judgment is "valid and in effect for purposes of determining the issues of collateral estoppel and non-dischargeability on appeal in this Court." [Record No. 10, p. 3] As the Court further explained, "a judgment that is unreserved and unmodified remains 'in full force and effect, constituting a bar to the institution of [a] second suit between the same parties upon the same issues,' despite its pendency in the court of appeals." [*Id.*] (citing *Small v. Reeves*, 76 S.W. 395, 397 (Ky. 1903). Thus, the state court default judgment is valid for the purposes of determining collateral estoppel and non-dischargeability on appeal.

    ii.    **Collateral Estoppel**

Minix contends that the bankruptcy court erred by not considering the entire state court record to find that he was "deprived of actual litigation because he was not given notice of any motion, hearing, order, or judgment" due to the alleged lack of service. However, "[t]he doctrine of collateral estoppel prevents an issue from being relitigated where the issue of fact or law was actually litigated and necessarily decided in a prior action between the same parties." *In re Phillips*, 434 B.R. 475, 485 (B.A.P. 6th Cir. 2010). Collateral estoppel applies

to litigation involving non-dischargeable debt. *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991).

A federal court will give preclusive effect to a state court judgment if the law of the state in which the judgment was rendered would give it such effect. *See id*. at 284. Here, the state court judgment was issued by the Floyd Circuit Court, so the bankruptcy court was required to give it the same preclusive effect that a Kentucky state court would provide.

Kentucky gives preclusive effect to default judgments. *In re Morris*, 229 B.R. 683, 685 (Bankr. E.D. Ky. 1999) (citations omitted). "Issue preclusion bars the parties from relitigating any issues actually litigated and finally decided in an earlier action." *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) (citations omitted). Subsequent litigation is barred in Kentucky when a plaintiff asserts issue preclusion offensively against a prior losing defendant if the issues:

> (1) are the same as the issues now presented, (2) were actually litigated, (3) were actually decided, and (4) were necessary to the prior court's judgment . . . [B]efore issue preclusion will stick against a current defendant who lost earlier . . . [t]wo further elements must be met: (5) the defendant must have had a "realistically full and fair opportunity to litigate the issue," and (6) preclusion must be consistent with "principles of justice and fairness."

*In re Nageleisen*, 523 B.R. 522, 528 (Bankr. E.D. Ky. 2014) (citations omitted).

The bankruptcy court was required to determine whether Minix's debt is non-dischargeable under 11 U.S.C. § 523(a)(6). "[A]ny debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. 11 U.S.C. § 523(a)(6). To find a willful and malicious injury, the debtor must have intended to cause injury to an entity. *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999). "An act is malicious if it is undertaken in conscious disregard of one's duties or without just cause or

-5-

excuse." *In re Phillips*, 434 B.R. at 483 (internal quotations omitted). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998).

Further, while "Kentucky case law defines common law civil battery simply as 'any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him,' intent is an essential element." *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000) (quoting *Graves v. Dairyland Ins. Grp.*, 538 S.W.2d 42 (Ky. 1976)). Because a person found liable for battery must have intended to cause an injury, a finding concerning the intentional tort of battery involves a finding of willful and malicious conduct by the defendant. *See In re Pitner*, 696 F.2d 447, 449 (6th Cir. 1982) ("It has been a general rule that liabilities arising from [] battery are considered as founded on willful and malicious injuries").

Accordingly, the issues presented to the state court are the same issues now presented. While Minix contends that he was deprived of actual litigation, default judgments satisfy the actually litigated requirement in Kentucky. *In re Hill*, 540 B.R. 331, 338 (Bankr. W.D. Ky. 2015). Further, because the state court determined that Minix is liable for battery, it actually decided the issue of willful and malicious conduct. *See In re Pitner*, 696 F.2d at 449. Next, a decision on willful and malicious conduct was necessary to the state court judgment because liability from battery arises from willful and malicious conduct.

Minix also had a "realistically full and fair opportunity" to litigate the issue. And while he contends that he did not have the opportunity to litigate because he was not given notice of the filings, it is uncontested that Minix was given notice of the action against him. In fact,

Minix filed an answer to the complaint and presented various counterclaims in the action.[2] Minix's alleged lack of actual notice of filings resulted from his "fail[ure] to take available steps which could have protected his interests" (i.e., updating or providing an accurate address). *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. Ct. App. 1979). Therefore, his failure to protect those interests does not negate that he was provided a full and fair opportunity to litigate the issue before the state court for purposes of this appeal.

Finally, principles of justice and fairness weigh in favor of issue preclusion. "[W]here the application of offensive estoppel would be unfair to a defendant, the trial judge in the exercise of his discretion should not allow" its use. *Covington v. Bd. of Tr. of Policemen's & Firefighters' Ret. Fund*, 903 S.W.2d 517, 521-22 (Ky. 1995). Collateral estoppel is fairly applied in the present case because Minix: (i) was aware of the state court claims against him; (ii) had an incentive to contest those claims; but (iii) failed to participate beyond filing an answer and presenting counterclaims.

In short, all relevant factors weigh in favor of issue preclusion as properly applied by the bankruptcy court.

### iii. Non-dischargeability of the Debt

Next, the undersigned concludes that the bankruptcy court's decision excepting the state court judgment from discharge pursuant to 11 U.S.C. § 523(a)(6) was not clearly erroneous. To except a debt from discharge under 11 U.S.C. § 523(a)(6), the injury must arise from conduct that is willful and malicious. *In re Markowitz*, 190 F.3d at 463. "Liabilities resulting from [] battery are generally considered to derive from willful and malicious conduct

---

[2] The answer and counterclaims were subsequently stricken by the state court. [*See* Record No. 4-6.]

and are therefore non-dischargeable in bankruptcy." *In re Cooney*, 18 B.R. 1011, 1013 (Bankr. W.D. Ky. 1982). Here, the bankruptcy court appropriately excepted the state court judgment from discharge because the injury derived from such conduct.

### iv. Reconsideration

The Court reviews the denial of reconsideration *de novo*. *Smith*, 167 F.3d at 289. Rule 60 of the Federal Rules of Civil Procedure relieves parties from a judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or "any other reason that justifies relief." Fed. R. Civ. P. 60. Alternatively, Rule 59 of the Federal Rules of Civil Procedure affords relief only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure apply Rules 59 and 60 to bankruptcy proceedings. Minix initially moved for reconsideration, contending that: (i) the bankruptcy court lacked jurisdiction to enter the Judgment; (ii) an issue of fact existed with respect to Debtor's notice of the state court's judgment which is the subject of the non-dischargeability action; and (iii) Debtor did not receive notices of various motions and orders in the state court proceeding.

Reconsideration was not appropriate under Rule 60 because Minix did not present an argument that there was mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or misrepresentation. Additionally, Rule 59 is not appropriate because there was no clear error of law, newly discovered evidence, or change in controlling law, and his argument that the state court judgment is void fails. As a result, the bankruptcy court appropriately denied reconsideration.

**IV.**

Based upon the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Bankruptcy Court's Orders Denying Discharge and Reconsideration are **AFFIRMED**.

2. All issues raised herein having been resolved, this appeal is hereby **DISMISSED** and **STRICKEN** from the Court's docket.

3. To the extent Minix's reply includes a motion to strike portions of Stone's response [Record No. 13] the motion is **DENIED**, as moot.

4. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Appellee Charity Stone. Pursuant to Rule 8024 of the Federal Rules of Bankruptcy Procedure, upon entry of judgment, the Clerk is directed to immediately transmit notice of the entry to each party, to the United States trustee, if any, and to the bankruptcy clerk, together with a copy of this Memorandum Opinion and Order.

Dated: July 25, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge